STATE v. CHARLES HILL.

*Indictment—Variance—Ownership.*

1. Where an indictment for injuring a cow concluded at common law, and failed to charge the offence to have been committed " mischievously or from malice to the owner;" *Held*, to be fatally defective.

2. An indictment for injuring live stock under Bat. Rev., ch. 32, §§ 94, 95, is defective, if it omits to conclude *contra formam statuti*, and to charge an unlawful intent—to drive the stock from the range, or to injure the owner.

STATE *v.* HILL.

3. Upon the trial of an indictment for injury to live stock, *it was held* to be a variance :—

Where the defendant was charged with injuring a cow, and the proof was that the animal injured was an ox;

Or where the property was laid in " L. S. and others," and the proof was that L. S. was the exclusive owner.

4. In such case it is essentially necessary that there should be an averment describing the thing injured, and proof of ownership thereof.

(SUGGESTION—*Statutory offences.* It is not always sufficient to follow the words of the statute. The charge should be as specific as the proof adduced in its support must be.)

(*State* v. *Scott,* 2 Dev. & Bat. 35; *Helmes'* case, 5 Ire. 364; *Jackson's,* 12 Ire. 329; *England's,* 78 N. C. 552; *Harper's,* 64 N. C. 129; *Haddock's,* 2 Hayw. 162; *Faucett's,* 4 Dev. & Bat. 107, cited and approved.)

INDICTMENT for injury to live stock under Bat. Rev., ch. 32, § 94, tried at February Term, 1878, of NEW HANOVER Criminal Court, before *Meares, J.*

The indictment contains two counts,—the first count charges that defendant unlawfully, wilfully, and maliciously injured a cow belonging to Lee Samuel, and concludes at common law; the second count charges that he did, unlawfully and on purpose, kill, maim and injure live stock running at large in the range, the property of Lee Samuel, and others whose names are unknown, and concludes as required in statutory offences. The defendant pleaded not guilty, and on the trial the following facts were found by the State:—

Lee Samuel owned an ox which got into a cultivated field of the defendant under an insufficient fence, and the defendant was heard to make violent threats against him. The defendant afterwards on two several occasions beat the ox while grazing in the marsh, and gave him numerous heavy blows with a large stick, by reason of which the ox was disabled for work for more than a month. A witness testified that at another time the defendant ran a heifer out of his field and beat her with a stick.

After conviction the defendant moved for a new trial,

42

and also in arrest of judgment, both of which motions were denied, judgment pronounced on the verdict, and the defendant appealed.

*Attorney General,* for the State.

No counsel in this Court for defendant.

SMITH, C. J. (After stating the case as above.) There are numerous exceptions taken to the form of indictment and to the sufficiency of the evidence to sustain its allegations:—

The first count is fatally defective at common law, in that, it fails to charge the injury to have been done to the cow, mischievously or from malice to the owner. *State* v. *Scott,* 2 Dev. & Bat. 35; *State* v. *Helmes,* 5 Ire. 364; *State* v. *Jackson,* 12 Ire. 329. Nor can it be sustained under the statute for want of an averment that it was "contrary to the form of the statute."

There was no evidence that any cow was injured, belonging to Lee Samuel, and proof of the maltreatment of his ox does not support an allegation of maltreatment of his cow.

The running a heifer out of the field and beating her with sticks, with no proof of ownership, neither sustains the count nor constitutes a criminal offence.

The second count omits to charge an intent to drive the live stock from the range, or to injure the owner, or to impute any other unlawful intent. *State* v. *England,* 78 N. C. 552.

The live stock mentioned as the subject of the injury is alleged to be the property of Lee Samuel and others, while the testimony is that the ox belonged to Lee Samuel alone. This is a fatal variance, not cured by the provisions of Bat. Rev. ch. 33, § 65. This section dispenses with the naming of all but a single owner, and permits, where there are several owners, the others to be designated by the super-

added words " and another," or "and others," as there may be one or more of them.   If there had been two or more owners besides Lee Samuel, the allegation of property would have been sustained ; but the proof of exclusive ownership in Lee Samuel, does not accord with either form of expression.   This averment as descriptive of the thing injured, must be true *now* as well as before the passage of the act, and the effect of a misdescription is equally fatal.   *State v. Harper*, 64 N. C. 129 ; *State v. Haddock,* 2 Hayw. 162.

Lest it may be inferred that we have overlooked or intended to overlook it, we will notice briefly the objection to the quality of words used in describing the subject of the alleged injury : The indictment follows the language of the statute, and usually this is sufficient and proper.   But the object of all indictments is to inform the person with what he is charged, as well to enable him to make his defence, as to protect him from another prosecution for the same criminal act.   It should therefore be reasonably specific and certain in all its material averments.   The term " live stock " is of very comprehensive import and includes many kinds of domestic animals, and it seems that the charge should be as specific as the proof adduced in its support must be.   It is not always sufficient to pursue the words of the statute. It is made indictable to sell spirituous liquors by less measure than a quart, without license; but an indictment must allege to whom the liquor was sold.   *State v. Faucett,* 4 Dev. & Bat. 107.   So at the present term we have held that an indictment under the act of December 20th, 1873, amended by act of March 20th, 1875, must allege to whom the sale was made.   *State v. Pickens, ante* 652.   Again suppose the act which makes it larceny to steal various kinds of growing crops which are particularly mentioned, had instead used the general words " growing crops," it can not be doubted that a charge of stealing growing crops without further description would have been held insufficient to warrant a

judgment upon conviction. We have at this term decided that the word "meat" in an indictment for larceny was too indefinite. *State* v. *Patrick, ante* 655. But it is not necessary to decide the point, and it is adverted to with these suggestions to avoid misconception.

Error.                                                    *Venire de novo.*