STATE v. J. W. BAXTER.

*Evidence—Trial, examination of witnesses—Larceny—Variance.*

1  On trial of an indictment for crime, evidence tending to show the guilt of another in its commission does not disprove the criminality of the party charged, and is therefore incompetent, unless the evidence implicating that other shows that his guilt is inconsistent with the guilt of the defendant.

2. In such case, where the defendant proposed to prove that the prosecutor's agent, who got up the evidence in support of the indictment but himself was not examined as a witness, "sent a proposition to defendant, what that proposition was, and the defendant's answer," and the court refused ; *Held,* no error.

3. The failure of the solicitor to examine a certain person as a witness for the prosecution cannot be assigned for error by the accused. The introduction and examination of state's witnesses rest in his discretion, the exercise of which will not be interferred with unless in a case of abuse.

4. Where on trial for larceny, no question is made as to the ownership of the property alleged to have been stolen, an exception taken for the first time in this court that there was a variance between the allegation and the proof, will not avail the defendant.

(*State* v. *White,* 68 N. C., 158 ; *Bishop,* 73 N. C., 44 ; *Haynes,* 71 N. C., 79 ; *Davis,* 77 N. C ; 483 ; *Martin,* 2 Ired., 101 ; *Stewart,* 9 Ired., 342 ; *Perry,* Busb., 330 ; *Hill,* 79 N. C., 656, cited and approved.)

INDICTMENT for Larceny, tried at Fall Term, 1879, of CLEAVELAND Superior Court, before *Buxton, J.*

There was a verdict of guilty, and from the judgment pronounced the defendant appealed.

*Attorney General,* for the State.
*Messrs. W. P. Bynum* and *Hoke & Hoke,* for defendant.

SMITH, C. J. The defendant is charged with stealing money of the value of ten dollars in four counts contained

in the indictment, describing it separately as the property of L. W. Sanders and others, P. S. Baker and others, the Southern Express Company, and of persons unknown. There was no dispute as to the ownership of the money, and on the trial the jury rendered a general verdict of guilty. Three exceptions were taken by the defendant's counsel to the rejection of evidence offered :

1. The evidence tended to show that a package of money had been sent by Sanders & Blackwood from Charlotte through the Southern Express Company to Dilling & Baker, at King's Mountain station, and was there received by the agent and locked up in an iron safe for delivery the next morning. The agent put the key in his pantaloons pocket, undressed and went to bed, leaving in an adjoining room the defendant and Nelson Falls, a colored boy about fifteen years of age, and one other person. During the night the key was taken from the agent's pocket, the safe opened and relocked, and the package of five hundred dollars stolen. Soon after, the key was found on the ground about fifty yards west of the station house by one John Harman, who pointed out the place to the agent. During the examination, the defendant's counsel proposed this question to the witness: " Was the key found where the boy Nelson said it was ?" The question was excluded. The declaration is offered as a fact showing that Nelson knew where the missing key was, and must have been cognizant of the theft, and therefore he and not the defendant was the guilty party.

We think the evidence was incompetent. The issue before the jury was as to the defendant's guilt, and this must be affirmatively proved by the state to warrant a verdict against him. Evidence tending to show the guilt or complicity of another in the commission of the imputed offence, does not disprove the criminality of the defendant, and if received would direct the attention of the jury from the issue on trial to another and different inquiry, and thus open the

door to other corroborative and rebutting testimony. The objection to such practice is manifest. The evidence to be admissible must not only implicate another, but his guilt, as in a case of disputed identity, must be inconsistent with that of the defendant. This statement of the law is, in our opinion, supported by the adjudicated cases.

Thus the suspicious conduct of one not on trial, his pointing out the place where he put the stolen tobacco, and his subsequent flight, in the nature of the confession of the crime, were ruled out when offered in exculpation of the defendant, the court saying, "there is nothing in the acts or declaration of Brett inconsistent with the guilt of the defendant; *both may have been guilty.*" *State* v. *White,* 68 N. C., 158. So in *State* v. *Bishop,* 73 N. C., 44, where the offence of larceny was also charged and similar testimony pointing to another as the criminal, was offered and refused, the court declaring that "Bryant's guilt or innocence was not necessarily connected with the guilt or innocence of the defendant. The crime charged upon the defendant might be as readily committed by many as by one. Both might be guilty with entire consistency. Proof of the guilt of Bryant would therefore not tend to establish the innocence of the defendant." The cases cited by the defendant's counsel (*State* v. *Haynes,* 71 N. C., 79; *State* v. *Davis,* 77 N. C., 483) are in harmony with this view of the law.

2. A charge had been made and a warrant taken out againt Nelson for the same offence and dismissed, and the witness who prosecuted it was asked, "What statements were made to you by Nelson that induced you to take out the warrant against him?" This question was ruled out, and properly ruled out for the same reasons as the preceding question. It was a proposition to prove the criminality of Nelson by his own declaration, without the support of any co-incident, extraneous fact. The declaration is but hearsay, not under oath, and irrelevant to the issue.

3. The defendant proposed to prove by his father that one Alley, a detective in the service of the Express Company, sent a proposition to the defendant, and to show what that propositton was, and the defendant's answer. Alley had not been examined. The evidence was not received. In the argument, its admissibility is put on the ground that the Empress Company, being responsible for the loss, is prosecutor, and the acts and declarations of its agent in the prosecution are competent as proceding from an adversary party For this is cited one of the responses given by the judges to the questions propounded by the House of Lords in the *Queen's* case, 6 E. C. L. Rep., 112. The proposition is not supported by the reference, and the opinion of the judges is thus condensed in a head note : "If on the trial of an indictment for any crime, evidence has been given upon the cross-examination of witnesses, examined in chief in support of the indictment from which it appears that A. B. (not examined as a witness) has been employed by the prosecutor as an agent to procure and examine evidence and witnesses in support of the indictment, the party indicted is not permitted to examine G. H. as a witness to prove that A. B. has offered him a bribe to induce him to bring A. B. papers belonging to the party indicted, G. H. not having been examined as a witness in support of the indictment." We are unable to see any ground upon which such a conversation as was proposed to be shown could be received from the defendant unless the agent had been examined,˒and then only to discredit his testimony.

4. The defendant also contended that he was entitled to a new trial because the solicitor had failed to supply a missing " link in the chain of evidence " in not introducing Nelson as a witness for the state, who had been in attendance on the trial, while the other persons present in the room on the night of the larceny, when the express agent retired to bed, had been examined. If any unfair advantage was taken of

the defendant (of which we see no evidence) during the progress of the trial, we must assume it would have been corrected or remedied by the presiding judge, to whom the power is confided, and his refusal to grant a new trial for matters resting in his own discretion is not reviewable in this court. The introduction and examination of witnesses are left to the discreet judgment of the officer who conducts the prosecution for the state and his own sense of official duty, and the court will not interfere with or control the exercise of that discretion, unless perhaps in a clear case of abuse. *State* v. *Martin*, 2 Ired., 101 ; *State* v. *Stewart*, 9 Ired., 342 ; *State* v. *Perry*, Busb., 330 ; *State* v. *Haynes*, *supra.*

5. It is insisted in the argument that the allegations in two of the counts, in one of which the money is charged to be the property of L. W. Sanders and others, and in the other, of P. S. Baker and others, are unsupported by the proofs that there was in both cases but a single additional owner. *State* v. *Hill*, 79 N. C., 656. Several answers may be made to the objection. 1. The case shows that no question was made in regard to the allegation of property. 2. The variance should have been taken advantage of on the trial and by a verdict of acquittal. 3. The second count is supported by the evidence, and defects in the others become immaterial. 4. The objection cannot be made for the first time on the appeal, and it is not founded on an error in law.

Upon a careful examination of the record we find no error, and this will be certified that judgment may be pronounced on the verdict.

PER CURIAM.                                        No error.