STATE v. NATHAN RAY.

*Removal of Crop— Variance Between Allegations and Proof.*

1. Indictment charged defendant with the removal of part of a crop made on the land under a lease executed on 1st November, 1883, and running one year. The proof was that defendant removed part of the crop made in 1883, under a lease made in March, 1883 ; *Held,* that the offence proved is different from that charged in the indictment.

2. It is not sufficient to prove an offence of like kind, and treat that as the offence charged ; when the facts essential to constitute the offence are numerous, they must be alleged with particularity, and proved as alleged.

3. The purpose of the indictment is to inform the accused with certainty and in an intelligent manner of the offence charged against him.

INDICTMENT for larceny, tried at January Term, 1885, of the Superior Court for CUMBERLAND county, before *MacRae, Judge.*

The bill of indictment charged the defendant, as tenant, with the removal of part of crop produced on the land in 1884, under a lease made November 1st, 1883, for one year.

The jury rendered a special verdict, in which they found that the crop removed was produced on the land under a lease made in March, 1883, for that year.

His Honor being of opinion upon the facts found that defendant was not guilty, so adjudged. From this judgment the solicitor on behalf of the State, appealed.

*Attorney General,* for the State.
*Mr. W. A. Guthrie,* for the defendant.

MERRIMON, J. It is very clear that the Court held properly that the proof did not support the charge contained in the indictment.

It appeared by the special verdict, that some cotton produced on the land under a lease made in March, 1883, for the crop season of that year, was removed by the tenant, the defendant,

without notice to the land-owner, and before his rents had all been paid and all liens upon the crop in his favor had been discharged.

The charge in the indictment is, that the defendant, as tenant, so removed cotton produced on the land in the year 1884, under a lease made on the first day of November, 1883, and continuing for a year next thereafter. So that the offence proved is a different one, of the same kind, from that charged. The *probata* fails to support the *allegata*. The well settled rule is that the proof, in order to convict, must, in all material respects support and go to prove the allegation in the indictment.

It is not sufficient in indictments for offences like that charged, to prove an offence of like kind, and treat that as proof of the one charged, as is sometimes done in cases of very simple misdemeanors, that in pleading are alleged in very general terms. In the case before us, and like cases, the very offence alleged must be proven, because the facts essential to constitute it are numerous, and must be alleged with particularity, and the defendant is called upon to defend himself against that charge and not another. It would be unfair to require him to defend himself against a charge that he may hear of for the first time in the progress of the trial, made up of a variety of alleged facts that he ought to have reasonable opportunity to refute. The very purpose of the indictment is to inform the accused with certainty and in an intelligent manner, of the offence charged against him. The justice of the law not only requires that he shall be thus informed, but it requires as well, that he shall have reasonable opportunity to prepare to defend himself against the charge.

The judgment must be affirmed, and to that end let this opinion be certified to the Superior Court according to law.

No error. Affirmed.