STATE v. JAMES C. LEWIS.

*Assignment of Error—Privilege of Counsel—Perjury—Evidence—Variance.*

1. Even if counsel make improper arguments to the jury, it cannot be assigned as error, unless the attention of the Judge was called to it at the time.

2. In every indictment, the facts and circumstances must be stated with such certainty that the defendant may judge whether they constitute an indictable offence or not.

3. Where an indictment for perjury charged that the false oath was taken at one term of a court in a trial between A. and B., and the records of that Court showed that at that term there was no trial between these parties, but the record showed that at a term other than the one alleged in the indictment there was such a trial, and the Judge allowed this record to be introdued ; *It was held,* to be error, and that the variance was fatal.

(*State* v. *Suggs,* 89 N. C., 527 ; *State* v. *Street,* 1 Murph., 150, cited and approved).

This was an indictment for perjury, tried before *Gudger, Judge,* and a jury, at Spring Term, 1885, of SAMPSON Superior Court.

The false oath assigned as perjury, was alleged in the indictment to have been taken on the 14th day of February, A. D., 1884, at an Inferior Court then and there held for the county of Sampson, before J. L. Stewart, J. G. Huggins and A. J. Johnson, justices of said Court, there and holding the same, in a certain criminal action for an assault and battery in said Court depending and tried, wherein the State was plaintiff and James Green, Troy Green and Daniel Peterson were defendants.

The record of the February Term, 1884, of said Inferior Court did not show that there was any indictment tried at that term of the Court against the said Greens and Peterson for an assault and battery.

But the record of the Inferior Court for November Term, 1883, which was offered in evidence by the State, did show that at that time an indictment for an assault and battery against the said Greens and Peterson was tried. The defendant objected to

the admission of this evidence, but his Honor received it, and the defendant excepted. There was a great deal of evidence offered, an exception was taken to certain remarks made by the Solicitor in his speech to the jury, but there was no objection to the remarks, nor was the attention of the Court called to them at the time, and there were a number of special instructions asked by the defendant's counsel, which the Court declined to give, and proceeded to charge the jury, and there was no exception taken to the charge of the Judge, nor to any part thereof.

The defendant was convicted. There was a rule for a new trial, because the Court refused to give the instructions asked, and because the verdict was against the weight of evidence. This was refused, and the rule for a new trial discharged. Thereupon, the defendant moved in arrest of judgment, which was overruled, and the sentence of the law was pronounced against him, from which he appealed.

The *Attorney General*, for the State.
*Mr. E. W. Kerr*, for the defendant.

ASHE, J., (after stating the facts). The defendant can take no advantage from his exception taken to the alleged abuse of privilege in the remarks made by the Solicitor in his argument made before the jury. For assuming them to be improper, there is no error to be imputed to the Judge in not stopping the Solicitor, unless they were objected to, or the attention of the Judge called to them at the time. This does not appear to have been done in this case, and the objection was lost. *State* v. *Suggs*, 89 N. C., 557. Although there was no exception taken to the charge of the Court at the time, the Court had refused to give the first instruction asked by the defendant, which was as follows, to-wit: "That there was a fatal variance between the allegation and the proof, in that the indictment alleges the perjury to have been committed on the 14th day of February, in an Inferior Court, then and there holden, in a certain criminal action, in which the State was plain-

tiff and James Green, Troy Green, and Daniel Peterson were defendants, charged with an unlawful assault upon J. C. Lewis, while the record of the said described Court of February Term, 1884, fails to show any such trial."

The records of the February Term, 1884, did not show that a trial of the two Greens and Peterson for the said assault took place at that term of the Inferior Court. But the Solicitor offered in evidence the record of the November Term, 1883, of said Court, which did show that the said two Greens and Peterson were tried at that term of the Court, for an assault upon the defendant Lewis, and upon objection by the defendant to the introduction of the evidence, his objection was overruled by the Court, and the evidence admitted, to which the defendants excepted. The exception was, in our opinion, well taken, and the Court committed an error in admitting it.

The Code, §1185, declares, that "in any indictment for wilful and corrupt perjury, it shall be sufficient to set forth the substance of the offence charged upon the defendant, and ·by *what Court*, or before whom the oath was taken," &c. This section of The Code, which is the act of 1842, dispenses with the necessity of setting forth the record of the indictment, on the trial of which the false oath is alleged to have been taken, and only requires that the substance should be set forth, but it did not dispense with the necessity of making all the averments in an indictment for perjury which were necessary to be proved, and it is necessary to prove in *what Court*, or before whom, the oath was taken. Archbold, in his work on Criminal Pleading, p. 101, lays down the law to be, that, " where records are produced in evidence, they must be strictly conformable with the statements in the pleading they are intended to prove, the slightest variance, in substance, between the matter set out and the record produced in evidence will be fatal." So in *Woodford* v. *Ashley,* 2 Camp., 193, an allegation that the plaintiff was acquitted " by a jury in the Court of our Lord, the King, before the King himself, at Westminster, before the Chief Justice, and discharged

thereupon by the Court, was holden not to be proved by a record stating the trial to have been at *nisi prius,* and the plaintiff to have been discharged by the Court *in banc."*

The same doctrine is announced in 3 Russell on Crimes, p. 41 ; and in this State, in the case of *State* v. *Street,* 1 Murph., 150, it was held, in an indictment for perjury, the style of the Court before which the perjury is alleged to have been committed, must be legally set forth. In every indictment, the facts and circumstances which constitute the offence must be stated, and must be stated with such certainty and precision that the defendant may be enabled to judge whether they constitute an indictable offence or not, in order that he may demur or plead to the indictment accordingly—that he may be enabled to determine the species of offence they constitute, in order that he may prepare his defence accordingly. Archbold Cr. Plead., 42. But the defendant in looking at this indictment, might be thrown off his guard, for he knew that no such indictment as that set forth in the bill against him, was tried at the February Term, 1884, of the Inferior Court of Sampson county, and knowing that, he might reasonably conclude that it was not necessary for him to prepare any defence.

We are of the opinion that there was a fatal variance between the allegations in the indictment and the proof offered, and the Judge erred in overruling the exception of the defendant, and refusing to give the instruction asked.

There must be another trial and to that end this opinion must be certified to the Superior Court of Sampson county, that a *venire de novo* may be awarded.

Error.                                                      Reversed.