STATE v. L. M. FOUSHEE.

*Indictment for Removing Crop—Indictment—Proof—Variance.*

Where an indictment for removal of crops without notice to the landlord charged an agreement by defendant to raise a crop on the land of G and, on the trial, the proof showed the title to be in another who rented the land to G; *Held*, that there was no variance.

This was an INDICTMENT for removing crops without notifying landlord, tried before *Hoke*, *J.*, and a jury, at the August Term, 1895, of the Superior Court of MOORE county.

On the trial, John L. Godfrey, alleged landlord, testified that he held the land under some agreement or contract with the owner, a Mrs._____, either of rental or under contract purchase—court does not now recall which; and that while so holding said land under his said contract, he rented same to the defendant for the year ____, being the year of the alleged removal, and within two years before and prior to bill of indictment, at an agreed rent. That witness managed the entire business of the rental and had

entire control of the land under his contract, and looked after the whole matter himself. That defendant, without paying rent and without giving witness a notice, etc., removed the crop grown on said land for said year, etc.

The defendant asked the court to instruct the jury that defendant could not be convicted, for that there was variance between allegation and proof, and that the evidence disclosed that title to land was in some person other than John L. Godfrey, the alleged landlord.

2nd. Because there was no evidence that notice might not have been given to some agent of landlord John L. Godfrey.

The court declined so to instruct the jury, and defendant excepted. There was a verdict of guilty, and from the judgment thereon the defendant appealed. Motion for a new trial, for error and refusal of court to give the instructions prayed for.

*The Attorney General* and *Messrs. Douglass & Spence,* for the State.

*Mr. W. E. Murchison,* for defendant (appellant).

CLARK, J.: This was an indictment for removing crop without notifying the lessor. The indictment set out an agreement to raise the crop on the land of one Godfrey. In the proof it appeared that the title to the land was in another person who rented to Godfrey, who in turn subrented to the defendant. His Honor properly held that this was no variance. As to the defendant, Godfrey was landlord and vested with the right to the possession of the crop and unless the rent was paid it could not be removed without notifying him as required by *The Code,* 1759.

The testimony was that Godfrey managed the entire

business of renting and looked after the whole matter himself. There was no evidence that he had any agent. The second exception, "because there was no evidence that notice might not have been given to some agent of Godfrey's," is without merit and not supported by any evidence.

No Error.