STATE v. McWHIRTER.

(Filed April 3, 1906).

*False   Pretence—Variance.*

> Where a bill of indictment charged that the defendant by certain false representations obtained from the prosecutor a certain note and mortgage, and all the evidence tended to show that the prosecutor did not surrender said note and mortgage, there was a fatal variance between the allegation and the proof.

INDICTMENT for obtaining property under false pretences against G. P. McWhirter, heard by *Judge G. S. Ferguson* and a jury, at the November Term, 1905, of the Superior Court of UNION. From a verdict of guilty and a judgment thereon, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*Stewart & McRae, R. L. Stevens* and *Tillett & Guthrie* for the defendant.

WALKER, J. The defendant being indebted to the prosecutors, executed to them on November 23, 1903, a note for $315, and also a paper writing in form a crop lien to secure advancements and a chattel mortgage to secure a debt, but

no description of the note for $315 is inserted in this paper writing, which is called in the case Exhibit A. The defendant, in January, 1904, paid $50 on the $315 note and executed a new note for $265 for the balance and a mortgage to secure its payment, which were given in lieu of the $315 note, and were a payment and satisfaction of it and a substitution for it. The case was tried upon the theory in the court below that such was the nature and legal effect of the transaction and we must so regard it here. *Allen v. Railroad,* 119 N. C., 710.

The defendant is charged in the indictment with having falsely represented to the prosecutors that he was the owner of two mules and that there was no lien on them, whereas in fact there was a lien on them at the time, and that by said false pretence he did obtain from the prosecutors "one note and mortgage of the value of $265, executed 28th day of January, 1904, of the goods and chattels of the said E. M. Griffin & Co." (the prosecutors).

All the evidence tended to show that the prosecutors did not surrender the note and mortgage for $265, nor did the defendant obtain the same as alleged in the indictment, but that he did surrender the note for $315 and the instrument known as Exhibit A. The defendant requested the court to charge the jury that there was a variance between the allegation of the bill and the proof and that they should acquit the defendant. This request was refused and the defendant excepted. There was a verdict and judgment from which the defendant appealed.

We do not perceive why the defendant was not entitled to the instruction asked for in his prayer. The prosecutor testified that the $265 note and mortgage had not been delivered to the defendant, but that they were then in his possession. This was contrary to the allegation of the bill. Proof of the surrender of the $315 note and Exhibit A surely could not have the effect of sustaining the charge.

So far as the latter is concerned, there was a clear and substantial variance and the allegation was not only left without proof to support it, but it was disproved by the prosecutor's own testimony. The allegation and proof must correspond. We cannot hold that the fact of the delivery of the mules to the prosecutor in payment of the $265 note, if such was the fact, was sufficient to sustain the allegation, and if we correctly interpret the charge of the court we hardly think it was intended so to instruct the jury. There was a fatal variance between the allegation and the proof, if not a failure of proof. *State v. Corbett,* 46 N. C., 264.

The error of the court in refusing the instruction and afterwards submitting the case to the jury without any corresponding evidence at all to establish the specific charge of the bill, entitles the defendant to another trial.

New Trial.