STATE v. S. A. GIBSON.

(Filed 3 November, 1915.)

**1. Criminal Law—Pleas—Former Jeopardy.**

Upon plea of former jeopardy in a criminal action, the question presented by such plea must ordinarily be determined by the evidence.

**2. Same—Same or Separate Offenses.**

Upon such a plea, it is not sufficient that the two prosecutions should have grown out of the same transaction, for the plea will not be sustained unless there is an exact and complete identity in the two offenses charged in the bills, as they must be for the same crime, both in law and in fact.

**3. Same—False Pretense.**

Where a bill of indictment charges that the defendant obtained money by a false pretense from a certain person therein named, and the proof was that he had not received any money from him, but had obtained his signature on a note by false pretense, upon which he had obtained money from another, and the action is dismissed for variance between the charge and the proof, the defendant may not successfully plead former jeopardy upon trial under another and separate indictment charging the false pretense in the procurement of the note from another person.

**4. Same—Indictment.**

An indictment for a criminal offense should state the offense charged with reasonable certainty, or set forth the special manner of the whole fact so that it can be clearly seen what particular crime is intended to

be alleged, and while in this indictment for obtaining a note by false pretense the bill should have charged expressly and directly that the defendant obtained the note by reason of the false pretense, it sufficiently informed the defendant of the particular charge against him, and is held not to be fatally defective.

**5. Criminal Law—Pleas—Former Jeopardy—Issues of Fact—Trials—Questions for Jury.**

It is unnecessary for the trial judge, upon defendant's plea of former jeopardy in a criminal action, to submit to the jury an issue as to the identity of the evidence in the two actions, it appearing that the offenses charged were not the same either in fact or law.

APPEAL by defendant from *Cline, J.*, at August Term, 1915, of ROCK-INGHAM.

Criminal action. The defendant was indicted for obtaining a note by false pretense. When the case was here before (169 N. C., 326) the indictment was for obtaining money by the false pretense, while the evidence showed that it was not money but the note that had thus been procured, and holding that there was a material variance, as will appear from a reading of the case, we directed a nonsuit. At May Term, 1915, the solicitor sent another bill, upon which the defendant was convicted, and from the judgment he has appealed to this Court. The other matters will appear in the opinion of the Court.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*J. M. Sharp, W. Reade Johnson for defendant.*

WALKER, J., after stating the case: The defendant has set up as a defense in this case that by the former trial he was once put in jeopardy, and, therefore, that he cannot be tried again, and is entitled to his discharge. He filed a plea in abatement, which, if the proper method by which to avail himself of former acquittal or former jeopardy, was properly overruled, as also was his motion in arrest of judgment. Whether there has been former jeopardy must be determined by the evidence, except, perhaps, in certain excepted cases, and this is not one of them. But defendant has presented the question by prayers for instructions which the court refused to give. An examination of the former appeal with the record in this case satisfies us that there was no former jeopardy, and no former acquittal, because we are of the opinion that the offenses charged in the two bills of indictment are not the same. It was held in *S. v. Nash* that in order to support a plea of former acquittal, or former jeopardy, it is not sufficient that the two prosecutions should have grown out of the same transaction, but the plea will not be sustained unless there is an exact and complete identity in the two offenses charged in the bills, as they must be for the same crime, both in law and in fact.

*Justice Ruffin* said, in *Nash's case,* that the true test is, Could the defendant have been convicted under the first indictment upon proof of the facts, not as brought forward in evidence, but as alleged in the record of the second? citing *Rex v. Vandercomb,* 1 Bennett & Heard's Leading Cr. Cases, p. 522. In other words, that there must be identity of the two offenses. If, upon the facts, they are legally the same, there has been former jeopardy, and the verdict in the former prosecution will protect the defendant against a second one. Clark's Cr. Procedure (1 Ed.), p. 396, declares it to be "the general rule that if the crimes are so distinct, either in fact or in law, that evidence of the facts charged in the second indictment would not have supported a conviction under the first, the offenses are not the same, and the second indictment is not barred." And he then gives numerous examples of variances between prosecutions and other illustrations of this rule of pleading and evidence, and in the note to the foregoing statement of the principle he cites many cases supporting it.

In the former appeal, referring to the variance and the motion to nonsuit, we said (169 N. C., at p. 320): "A variance cannot be taken advantage of by motion in arrest of judgment. *S. v. Foushee,* 117 N. C., 766; *S. v. Ashford,* 120 N. C., 588; *S. v. Jarvis,* 129 N. C., 698. It is waived if there is no objection to it before the verdict is rendered, as those cases show. But a motion to nonsuit is a proper method of raising the question as to a variance. It is based on the assertion, not that there is no proof of a crime having been committed, but that there is none which tends to prove that the particular offense charged in the bill has not been committed. In other words, the proof does not fit the allegation, and, therefore, leaves the latter without any evidence to sustain it. It challenges the right of the State to a verdict upon its own showing, and asks that the court, without submitting the case to the jury, decide as matter of law that the State has failed in its proof. The judge should have sustained the motion and dismissed the indictment; but this will not prevent a conviction upon another indictment for obtaining the note by a false pretense, and this follows from what we have said. A party is indictable under Revisal, sec. 3433, for obtaining a signature to any written instrument the false making of which would be punishable as forgery. The evidence offered at the trial proved an indictable offense, but not the one alleged in the bill. We presume the solicitor will send a bill with averments agreeing with the proof he can make, and the court may hold the defendant to answer another indictment."

The former indictment charged that, by the false pretense, the defendant had obtained *money* from a certain person therein named, while the proof showed that he had not received any money from him, but a note signed by him; and we there stated the clear distinction, under our

statute and according to the rules of correct criminal pleading, between the two charges.

By intendment fairly to be drawn from the present indictment, the defendant is charged with obtaining the signature and the note—not in so many words, but sufficiently to indicate with reasonable certainty such an accusation. It is necessary that the indictment should state the offense with reasonable certainty, that is, it must set forth the special manner of the whole fact so that it can be clearly seen what particular crime, and not merely what nature of crime, is intended to be alleged. This is required for several reasons:

1. To enable the court to say that, if the facts stated are true, an offense has been committed by the defendant.

2. To enable the court to know what punishment to impose in case of conviction.

3. To enable the court to confine the proof to the offense charged, so that the defendant may not be accused of one offense and convicted of another.

4. To give the defendant reasonable notice of the particular charge he will be called upon to answer, and enable him to properly prepare his defense.

5. To make it appear on the record of what particular offense the defendant was charged, for the purpose of review in case of conviction.

6. To so identify the offense that an acquittal or conviction may be pleaded in bar of a subsequent prosecution for the same offense. Clark's Cr. Procedure, p. 150.

The bill should have charged expressly and directly that by reason of the false pretense the defendant obtained *the note;* but while this would have been better pleading, we cannot say that it is so faulty in this respect as to be altogether bad, or so defective in statement as not to have informed the defendant of the particular charge preferred against him. We think it does do so, and that it alleges an offense different from the one charged in the first indictment and upon which he was formerly tried.

The court submitted an issue as to the identity of the evidence at the first and at the last trial; but this was not the question, whether the evidence was the same, but the real issue was whether the two offenses charged and tried were the same, and the record shows that they were not; and, furthermore, as matter of law, they are not the same. The two indictments, on their face, charge different offenses, the one that by reason of the false pretense he obtained $350 in money belonging to John D. Martin, and the other that he obtained the signature and, by clear intendment, the promissory note of William S. Martin; and the evidence at the last trial corresponded with the latter charge. It is also to be said that the former indictment charged that John D. Martin was

the person misled and deceived by the false pretense, while this indictment alleges that William S. Martin was so misled and deceived, and this shows a manifest difference between the two, as the parties defrauded are not the same.

After a careful examination of the record no error has been found.

No error.