### STATE v. H. B. HARBERT.

#### (Filed 8 June, 1923.)

**1. Constitutional Law — Criminal Law — Indictment — Evidence—Fatal Variation.**

It is the constitutional right of the defendant in a criminal action to be convicted, if at all, of the particular offense charged in the bill of indictment; and where he has been indicted for the larceny of an automobile owned by and in the possession of A., and the proof is that B. was such owner, there is a fatal variance between the charge and the proof,

upon which a conviction may not be sustained; nor can it be surmised upon the identity of the surname that A. and B. were man and wife, and that B. held the possession as the bailee of A.

**2. Same—Nonsuit—Motions—Exceptions—Appeal and Error.**

Where there is a fatal variance between the charge in a bill of indictment and the proof, the defendant may take advantage of it by his exception to the refusal of his motion to nonsuit, and have the error reviewed on appeal.

**3. Criminal Law—Indictment—Evidence—Fatal Variation—Second Indictment.**

Where there is a fatal variance between the charge in the indictment and the proof, as to the ownership of a stolen article, a conviction of the defendant may be had on another indictment properly charging the ownership of the stolen article.

CLARK, C. J., dissenting; CLARKSON, J., concurring in the dissenting opinion.

APPEAL by defendant from *Bryson, J.,* at January Term, 1923, of BUNCOMBE.

Criminal prosecution, tried upon an indictment charging the defendant with the larceny of an automobile.

From an adverse verdict and judgment of three years in the State's Prison, the defendant appealed, assigning errors.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*Reynolds, Reynolds & Howell and Billy Sullivan for defendant.*

STACY, J. The bill of indictment charges the defendant with the larceny of "one automobile, owned by and in the possession of Frank Rosenberg." All the evidence on the record shows that the stolen automobile was owned by and in the possession of Mrs. Elsie Rosenberg. There is no evidence that Mrs. Elsie Rosenberg was the wife of Frank Rosenberg, or that she was related to him, or in any way associated with him. The suggestion that if all the evidence had been sent up, it *might* have shown Frank Rosenberg to be the husband of the prosecuting witness, and therefore, in possession of the car as bailee, merits no serious consideration at our hands. This is only a surmise. Maybe it would and maybe not. Cases are to be determined here upon the record. *S. v. Wheeler, ante,* 670.

There is a fatal variance between the indictment and the proof. This was conceded on the argument by the Assistant Attorney-General, Mr. Nash, who always presents his cases with great frankness and candor; and the only question for our decision is whether the defendant may take advantage of this defect by his exception to the overruling of his

motion for judgment as of nonsuit. We think he can, for there was a total failure of proof. Speaking to this question in *S. v. Gibson,* 169 N. C., 322, *Walker, J.,* said:

"You cannot amend an indictment—at least, against the will of the defendant. You must abide by its terms, and prove the charge as it is laid in the bill. A variance cannot be taken advantage of by motion in arrest of judgment. *S. v. Foushee,* 117 N. C., 766; *S. v. Ashford,* 120 N. C., 588; *S. v. Jarvis,* 129 N. C., 698. It is waived if there is no objection to it before the verdict is rendered, as those cases show. But a motion to nonsuit is a proper method of raising the question as to a variance. It is based on the assertion, not that there is no *proof* of a crime having been committed, but that there is none which tends to prove that the particular offense charged in the bill has been committed. In other words, the proof does not fit the allegation, and, therefore, leaves the latter without any evidence to sustain it. It challenges the right of the State to a verdict upon its own showing, and asks that the court, without submitting the case to the jury, decide as matter of law that the State has failed in its proof." See, also, *S. c.,* 170 N. C., 697.

In all criminal prosecutions the defendant has a constitutional right to be informed of the accusation against him; and it is a rule of universal observance in administering the criminal law that a defendant must be convicted, if convicted at all, of the particular offense charged in the bill of indictment. "The allegation and proof must correspond. It would be contrary to all rules of procedure and violative of his constitutional right to charge him with the commission of one crime and convict him of another and very different one. He is entitled to be informed of the accusation against him and to be tried accordingly." *Walker, J.,* in *S. v. Wilkerson,* 164 N. C., 444, citing as authority for the position: *S. v. Ray,* 92 N. C., 810; *S. v. Sloan,* 67 N. C., 357; *S. v. Lewis,* 93 N. C., 581; Clark's Cr. Proc., 150. See, also, *S. v. Snipes, ante,* 743, and cases there cited.

In *S. v. Davis,* 150 N. C., 851, the defendant was charged with obtaining a clay-bank mare by means of a false pretense as to the qualities of a "sorrel horse," and the proof was that he obtained the clay-bank mare in exchange for a bay "saddle horse." This was held to be a material variance, *Hoke, J.,* saying that "under the authorities there would seem to be a clear case of variance between the allegation and the proof, and the jury should have been so instructed." The charge related to one trade and the proof to another. Again it was held to be a fatal variance in *S. v. Hill,* 79 N. C., 656, "where the defendant was charged with injuring a cow, and the proof was that the animal injured was an ox." See, also, *S. v. McWhirter,* 141 N. C., 809; *S. v. Miller,* 93 N. C., 511; *S. v. Corbitt,* 46 N. C., 264.

STATE *v.* HARBERT.

The trial court should have sustained the defendant's motion and dismissed the indictment, but this will not prevent a conviction upon another bill charging the defendant with the larceny of an automobile, the property of Mrs. Elsie Rosenberg.

The present verdict will be set aside, the action dismissed, and the solicitor allowed to send another bill, if so advised.

Reversed.

CLARK, C. J., dissenting: The assignments of error that there was not sufficient evidence to go to the jury, and that the verdict was against the weight of evidence, do not require any consideration. It was very full and complete, and if believed, justified the verdict rendered.

It appears in the record that the indictment was for the larceny of an automobile, the property of Frank Rosenberg. The evidence of Mrs. Elsie Rosenberg is that she was the owner of the car. As to the steps taken to notify the authorities and the finding of the stolen machine there was no exception at the trial, nor in the assignments of error, nor in plaintiff's brief, nor in the argument here, that there was a fatal variance in the proof of ownership. It may be that the evidence, if set out in full, would have shown that Frank Rosenberg was her husband, and that he was bailee and in possession of the car. If so, the property was sufficiently laid in him. (*S. v. Allen,* 103 N. C., 433), and cases there cited and citations to that case in Anno. Ed.

It is true that when ownership is alleged it should be proven as charged, and failure to do so is a fatal variance. But, as said, 25 Cyc., 88, "ownership in a particular person is not an essential element in crime. The allegation is merely part of the description and identification of the goods." A motion for nonsuit or for arrest of judgment because the verdict is against the weight of evidence therefore does not bring up the question of variance between proof and allegation as to the ownership.

This has been expressly decided in this State. In *S. v. Baxter,* 82 N. C., 606, *Chief Justice Smith* passed upon this point, saying that "several answers may be made to the allegation of variance when made for the first time in this Court, *i. e.,* the case shows (1) that no question was made in regard to the allegation of property; (2) the variance should have been taken advantage of on the trial and by verdict of acquittal; (3) the objection cannot be made for the first time on appeal, and is not founded on error in law." This ruling is cited among other cases, by *Allen, J.,* in *S. v. Hawkins,* 155 N. C., 472, where there was a motion in arrest of judgment upon the ground that the State failed to prove the ownership in the town of Morganton as alleged, and this Court said, "If there had been a failure proved, the defendant should have

taken advantage of it by a prayer for instructions and not by motion in arrest of judgment. *S. v. Baxter,* 82. N. C., 606; *S. v. Harris,* 120 N. C., 578; *S. v. Huggins,* 126 N. C., 1056."

If it appeared, with the whole evidence before us, that there was a variance in the proof of ownership, exception on that ground should have been made before verdict, when the court could have allowed this to be remedied by proof that Frank Rosenberg was in possession of the car as bailee for his wife, which would have been sufficient to cure the alleged variance. Even if there was a variance, it was not a defect "in the proof of the crime" itself, which would be embraced by the motion to nonsuit, but it was merely a variance which was waived by failure to make the exception at the trial. *S. v. Baxter,* and other cases, *supra.*

*S. v. Gibson,* 169 N. C., 318, does not conflict with the holding of *Chief Justice Smith* in *S. v. Baxter, supra,* and *Judge Allen* in *S. v. Hawkins,* above quoted. In *S. v. Gibson, supra,* the charge was of obtaining money under false pretenses and the evidence shows that it was a note. This was a "failure of proof" as to an essential element in the defense—a defect in the evidence for which a nonsuit should have been granted, but the allegation of the ownership of articles stolen is not an element in the offense, but, as said in 25 Cyc., 88, *supra,* "the allegation of ownership in a particular person is not an essential element in the crime." "Such allegation is merely part of the description and identification of the goods, as *Judge Smith* says, and when there is no question made in regard to the allegation of ownership the variance must be taken advantage of in the trial, and cannot be made for the first time on appeal."

In *S. v. Gibson,* supra, the offense charged was false pretense in obtaining money, and the proof was of obtaining a note, which would be equivalent in a trial for larceny to charging the theft of a horse and proving the theft of an ox—a defect of proof for which a motion for nonsuit should have been made. The allegation of ownership, when not an essential element in the crime, has been dispensed with entirely in many classes of cases, especially, for instance, in selling whiskey or the name of persons whom it is intended to cheat or defraud. *S. v. Hedgecock, ante,* 714. Not being an essential element in the offense, but only for identification on a plea of former jeopardy, oral evidence is competent to show that it was or was not the same occurrence. This distinction clearly appears in *S. v. Gibson, supra,* on the second appeal, 170 N. C., 698.

In the present case, there was no constituent element in the charge which was not fully proven, and if there was a variance in the name of the owner of the article it should, as *Chief Justice Smith* and *Judge Allen* both state, have been called to the attention of the Court and "the

objection cannot be made for the first time on appeal." As has been well said, the object of a trial is to decide the matter in issue upon its merits and "not to set a trap for the judge." The defendant's counsel in this case did not set a trap for the judge, and he did not make the objection in this Court. Doubtless he knew the facts. If there had been any doubt as to the ownership of the property, he should (and doubtless would), have made the objection below as was held in *S. v. Baxter, supra,* and other cases above cited.

CLARKSON, J., concurs in dissent.