STATE v. MARVIN CORPENING.

(Filed 12 May, 1926.)

**1. Criminal Law—Indictment—Proof—Variance—Amendments—Courts.**

In a criminal action the defendant has the constitutional right to be informed of the offense for which he is to be tried, and a conviction may not be had when there is a fatal variance between the charge in the indictment and the proof; and the court is without power to permit the State to amend the indictment to conform to the evidence on the trial, without consent of defendant.

**2. Same—Worthless Checks—Statutes.**

An indictment charging the defendant with obtaining money on a day named by the issuance of a worthless check in violation of our statute, and evidence that it was given for the hire of an automobile, ten days later, are at fatal variance, and will not support a conviction.

APPEAL by the State from a judgment for defendant upon a special verdict, of *Shaw, J.,* at November Term, 1925, of CALDWELL.

Criminal prosecution tried upon an indictment charging the defendant with drawing and delivering to another a worthless check in violation of chapter 14, Public Laws 1925.

It is charged in the bill of indictment, *inter alia,* that the defendant, Marvin Corpening, did, on 10 August, 1925, unlawfully and wilfully issue and deliver to The Lenoir U-Drive-It Company a worthless check,

drawn on the Bank of Lenoir, for the amount of $15, and then and there secured and obtained from the said Lenoir U-Drive-It Company the sum of $15.00 in money, the goods and chattels of the said Lenoir U-Drive-It Company.

It was shown on the hearing, and the special verdict establishes, *inter alia,* that the defendant, Marvin Corpening, did, on 20 August, 1925, hire an automobile from the Lenoir U-Drive-It Company, and, in settlement for the hire of said automobile, the defendant issued and delivered to the Lenoir U-Drive-It Company a worthless check, drawn on the Bank of Lenoir, in the sum of $15.00, etc.

Upon the facts found and declared by the jury, a special verdict of not guilty was rendered under appropriate instructions from the court; and, from the judgment entered thereon the State appeals, assigning error. C. S., 4649.

*Attorney-General Brummitt and Assistant Attorney-General Nash for State.*

*No counsel appearing for defendant.*

STACY, C. J. The primary purpose of this appeal is to test the constitutionality of chapter 14, Public Laws 1925, known as the Worthless Check Act of 1925. But the record will not permit a determination of the question sought to be presented. *S. v. Edwards,* 190 N. C., 322. The courts never anticipate a question of constitutional law in advance of the necessity of deciding it. *Person v. Doughton,* 186 N. C., p. 725.

There is a fatal variance between the indictment and the proof. The charge is that the defendant issued and delivered to the Lenoir U-Drive-It Company on 10 August, 1925, a worthless check in the amount of $15.00 and obtained therefor the sum of its equivalent in money. The proof is that the defendant issued and delivered to the Lenoir U-Drive-It Company on 20 August, 1925, a worthless check in the amount of $15.00 to pay for the hire of an automobile. The charge relates to one transaction, the proof to another. *S. v. Harbert,* 185 N. C., 760.

In every criminal prosecution the defendant has a constitutional right to be informed of the accusation against him; and it is a rule of universal observance in the administration of the criminal law that a defendant must be convicted, if convicted at all, of the particular offense charged in the bill of indictment. "The allegation and proof must correspond. It would be contrary to all rules of procedure, and violative of his constitutional right to charge him with the commission of one crime and convict him of another and very different one. He is entitled to be informed of the accusation against him and to be tried accordingly."—*Walker, J.,* in *S. v. Wilkerson,* 164 N. C., 444.

In *S. v. Davis,* 150 N. C., 851, the defendant was charged with obtaining a clay-bank mare by means of a false pretense as to the qualities of a "sorrel horse," and the proof was that he obtained the clay-bank mare in exchange for a bay "saddle horse." This was held to be a material variance, *Hoke, J.,* saying that "under the authorities there would seem to be a clear case of variance between the allegation and the proof, and the jury should have been so instructed." The charge related to one trade, the proof to another. Again, it was held to be a fatal variance in *S. v. Hill,* 79 N. C., 656, "where the defendant was charged with injuring a cow, and the proof was that the animal injured was an ox." See, also, *S. v. Snipes,* 185 N. C., 743; *S. v. Gibson,* 169 N. C., 318; *S. v. McWhirter,* 141 N. C., 809; *S. v. Lewis,* 93 N. C., 581; *S. v. Miller, ibid.,* 511; *S. v. Ray,* 92 N. C., 810; *S. v. Sloan,* 67 N. C., 357; *S. v. Corbitt,* 46 N. C., 264.

Where there is a fatal variance, or a total failure of proof, the State is not permitted to amend the indictment so as to make the allegation fit the proof, at least not without the consent of the defendant. The State is supposed to know its evidence before the indictment is drawn, and it must abide by its terms and prove the charge as laid in the bill, or else fail in the prosecution. *S. v. Gibson, supra.* Proof without allegation is as unavailing as allegation without proof. *S. v. Hawley,* 186 N. C., p. 438.

The court was clearly correct in directing a verdict of not guilty on the facts found by the jury. *S. v. Walker,* 32 N. C., 234.

No error.