### STATE v. ROBERT HARRIS.

(Filed 14 March, 1928.)

**Criminal Law—Variance Between Proof and Indictment—Dismissal and New Bill.**

Where an indictment alleges the larceny of certain goods as the property of a certain person, proof that it was that of a different person is a fatal variance from the allegation of the indictment, and the action will be dismissed with leave of the solicitor to draw another bill.

APPEAL by defendant from *Harris, J.*, at December Term, 1927, of GREENE.

Criminal prosecution tried upon an indictment charging the defendant and another with larceny.

Verdict: Guilty.

Judgment: Imprisonment in the State's prison for a term of not less than 18 months nor more than four years.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*R. H. Taylor and George M. Lindsay for defendant.*

STACY, C. J.    The bill of indictment charges the defendant and another with the larceny of "700 pounds of leaf tobacco, of the value of over $20, of goods, chattels and moneys of one Berry Haywood, Lucinda Speight and Mrs. Minnie Herring." All the evidence adduced on the hearing tends to show that the tobacco, if stolen, was the property of Berry Speight. There is a fatal variance between the indictment and the proof; the charge relates to one offense, the proof to another. *S. v. Harbert,* 185 N. C., 760, 118 S. E., 6; *S. v. Gibson,* 170 N. C., 697, 86 S. E., 774.

The verdict will be set aside, the action dismissed as to the appealing defendant, and the solicitor allowed to send another bill, if so advised.

Reversed.