STATE v. ADE FRANKLIN.

(Filed 8 February, 1933.)

**Indictment E d: Bills and notes I f—In this case held: there was fatal variance between indictment and proof.**

Where the indictment charges the defendant with issuing a worthless check to a certain person and the evidence at the trial relates only to the issuance of a check to another person, there is a fatal variance between the indictment and proof, and a demurrer to the evidence should be sustained or the action dismissed as in case of nonsuit. C. S., 4643. As to whether a check given under representations that the drawer would have money in the bank to meet payment within ten days comes within the provisions of the "bad-check" law is not presented for decision on the record.

APPEAL by defendant from *Moore, J.,* at April Term, 1932, of AVERY.

Criminal prosecution tried upon indictment in which it is charged that the defendant, on 19 October, 1931, did, unlawfully and wilfully, execute, utter, and give a worthless check on the Avery County Bank, in the sum of $21.50, payable to Watauga Chevrolet Company, and dated 24 July, 1930, which said check was presented to the bank for payment, and payment refused because the defendant had not provided sufficient funds in said bank to pay off said check, in violation of chapter 62, Public Laws, 1927, generally known as the "Bad Check Law."

The State offered only one witness, Max Daniels, whose entire testimony is as follows:

"I sold the defendant, Ade Franklin, a car in July and he gave me his check and said: 'I have got no money in the bank but I will have it in there in ten days,' and asked me to hold the check ten days and I did; and I presented it after ten days, and there was not any money in the bank. I presented the check to the bank and it was not paid. I do not know why. Yes, I endorsed the check. I put it through the window and they wouldn't accept it. They said there was no money. I wrote the check myself and Mr. Franklin held the pen and made his mark."

The defendant demurred to the State's evidence and rested.

Verdict: Guilty in the manner and form as charged in the bill of indictment.

Judgment: Eighteen months on the roads.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*J. W. Ragland for defendant.*

STACY, C. J. It is not charged in the bill of indictment that the check described therein was "delivered to another . . . for the payment of money or its equivalent, knowing at the time . . . that the maker or drawer thereof has not sufficient funds on deposit in or credit with such bank or depository with which to pay the same upon presentation." Chapter 62, Public Laws, 1927; *S. v. Yarboro,* 194 N. C., 498, 140 S. E., 216; *S. v. Baker,* 199 N. C., 578, 155 S. E., 249.

Nor does it appear that the check mentioned in the indictment is the same as the one given to the witness, Max Daniels. Apparently the charge relates to one transaction, while the proof concerns another. *S. v. Corpening,* 191 N. C., 751, 133 S. E., 14.

Where there is a fatal variance between the indictment and the proof, it is proper to sustain the demurrer to the evidence, or to dismiss the action as in case of nonsuit. C. S., 4643; *S. v. Harris,* 195 N. C., 306, 141 S. E., 883; *S. v. Harbert,* 185 N. C., 760, 118 S. E., 6; *S. v. Gibson,* 170 N. C., 697, 86 S. E., 774.

The point debated on brief as to whether the evidence brings the case within the principle announced in *S. v. Crawford,* 198 N. C., 522, 152 S. E., 504, is not presented by the record. *S. v. Corpening, supra.*

Reversed.