STATE v. W. B. DOWLESS.

(Filed 22 May, 1940.)

**Indictment § 20: Bills and Notes § 10g—**

The indictment charged that defendant issued a worthless check knowing at the time that he did not have sufficient funds or credit for its payment. The proof was that defendant issued a check of a corporation of which he was an executive officer, and that the corporation did not have sufficient funds or credit for its payment. *Held:* There is a fatal variance between allegation and proof, and defendant's motion to nonsuit should have been allowed.

APPEAL by defendant from *Sinclair, Emergency Judge,* at March Term, 1940, of ROBESON. Reversed.

The defendant was charged with issuing a worthless check, in violation of ch. 62, Public Laws 1927 (Michie's Code, sec. 4283 [a]).

The warrant charged that the defendant, with intent to defraud, "did issue and deliver to this affiant (O. K. Kittrell) a worthless check in amount of $211.79 . . ., defendant knowing at the time of issuing and delivering said check that he did not have sufficient funds or neces-

sary credit arrangements with said bank whereby said check would be paid."

The check offered in evidence, and relied on by the State, was as follows:

WHITEVILLE, N. C., 7/24/1939.
WACCAMAW BANK & TRUST COMPANY.
Pay to order of O. K. Kittrell $211.79. Two Hundred and Eleven and 79/100 Dollars. For Tob. barn furnaces.
THE DOWLESS TOBACCO CURER, INCORPORATED.
*By* W. B. DOWLESS, *Pres. & Secy-Treas.*

Defendant's motion for judgment of nonsuit was denied. Verdict—guilty. From judgment imposing sentence, defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*H. H. Clark and Edward B. Clark for defendant.*

DEVIN, J. The defendant assigns as error the ruling of the court below denying his motion for judgment of nonsuit.

The warrant, upon which the defendant was tried and convicted, charged that defendant W. B. Dowless did issue and deliver a worthless check, knowing that he did not have sufficient funds or credit with the bank with which to pay same, whereas the proof shows a check issued by a corporation of which defendant Dowless was executive head, together with oral evidence that the corporation did not have sufficient funds or credit with the bank to pay same.

While the terms of the statute (Public Laws 1927, ch. 62) are broad enough to cover the utterance and delivery of the check of a corporation by an officer thereof with knowledge of the falsity of the check and the insufficiency of the funds or credit of the maker, here the charge is that W. B. Dowless, individually, issued the check with knowledge that he (Dowless) did not have sufficient funds or credit with the bank to pay the check. The proof does not conform to the charge contained in the warrant. There is a variance between allegation and proof. *S. v. Franklin,* 204 N. C., 157, 167 S. E., 569; *S. v. Corpening,* 191 N. C., 751, 133 S. E., 14; *S. v. Harbert,* 185 N. C., 760, 118 S. E., 6.

We conclude that, on this record, the defendant's motion for judgment of nonsuit should have been allowed.

Reversed.