## STATE v. WILLARD NUNLEY.

(Filed 1 March, 1944.)

**Indictment § 19: Criminal Law §§ 29a, 52b—**

> In a criminal prosecution, based upon an indictment charging larceny of money and valuable papers and evidence tending to show, at most, an attempt to commit larceny of two suitcases, there is a fatal variance between *allegata* and *probata.* of which advantage may be taken under an exception to the disallowance of a motion for judgment as of nonsuit.

APPEAL by defendant from *Sink, J.,* at November Term, 1943, of ROCKINGHAM.

The defendant was tried upon a bill of indictment charging the larceny of "One Hundred Twenty Four Dollars in money, and valuable papers of the value of Two Hundred Dollars, of the goods, chattels and moneys of one John Nunley," and of the receiving said goods, chattels and moneys, knowing them to have been stolen; and was found to be "guilty of an attempt to commit larceny."

At the close of the State's evidence the court allowed defendant's motion for judgment as in case of nonsuit against the charge of receiving stolen goods knowing them to have been stolen. The court disallowed such motion against the charge of larceny and announced that it would submit to the jury, under such charge, the question of the guilt or innocence of the defendant of the offense of an attempt to commit larceny.

From judgment of imprisonment predicated on the verdict the defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Sharp & Sharp for defendant, appellant.*

SCHENCK, J.  The bill of indictment charges the larceny of "One Hundred Twenty Four Dollars in money, and valuable papers of the value of Two Hundred Dollars of the goods, chattels and moneys of one John Nunley."  The evidence of the State tending to show larceny or an attempt to commit larceny, if there was such evidence, relates to two suitcases or the baggage of John Nunley.  His Honor in his charge refers to the baggage, bags or property of the prosecuting witness, never to his money or valuable papers.

In truth, there appears in the State's brief the following: "It becomes apparent from the evidence and from the charge of the judge that the case was tried upon the theory that the defendant attempted to steal two suitcases."

The allegation being that the defendant committed larceny of money and valuable papers of John Nunley, and the evidence tending to show, at most, an attempt to commit larceny of two suitcases or baggage of John Nunley, there was a fatal variance between the *allegata* and the *probata,* of which defect the defendant could take advantage under his exception to the disallowance of his motion for judgment as of nonsuit. *S. v. Harbert,* 185 N. C., 760, 118 S. E., 6; *S. v. Grace,* 196 N. C., 280, 145 S. E., 399, and cases there cited.

Reversed.