STATE v. JAMES LAW AND MATTHEW KELLY.

(Filed 18 December, 1946.)

**1. Intoxicating Liquor § 8—**

Where a vehicle is seized by a municipal police officer for illegal transportation of intoxicating liquor, the vehicle is in the custody of the officer or of the law and not the municipality. G. S., 18-6.

**2. Indictment § 9—**

The object of an indictment is to inform the prisoner with what he is charged, as well to enable him to make his defense as to protect him from another prosecution for the same criminal act.

**3. Indictment § 20: Larceny § 4—**

The indictment charged larceny of a vehicle the property of a municipality. The evidence tended to show that the automobile had been seized by a municipal police officer for illegal transportation of intoxicating liquor and placed by him in the municipal parking lot, and that the car was taken therefrom by defendants during the night. *Held:* There is a fatal variance between charge and proof in that the vehicle was not the property of the municipality.

**4. Indictment § 19: Criminal Law § 52a—**

A fatal variance between an indictment and proof may be taken advantage of by motion to nonsuit, since in such instance there is no sufficient evidence to support the charge as laid in the indictment.

APPEAL by defendants from *Rousseau, J.,* at July Term, 1946, of FORSYTH.

Criminal prosecution on indictment charging the defendants, in one count, with the larceny of an automobile, of the value of $700.00, the property of the City of Winston-Salem; and, in a second count, with receiving said automobile, of the value of $700.00, the property of the City of Winston-Salem, knowing it to have been feloniously stolen or taken in violation of G. S., 14-71.

The record discloses that on the night of 15 April, 1946, Oscar Morrison, a police officer of the City of Winston-Salem, discovered an automobile on one of the city streets from which a 5-gallon container full of nontax-paid whiskey had just been taken and which had evidently been transported therein contrary to law. He took possession of the automobile, drove it to the city lot and parked it for the night.

The automobile was stolen from the city lot during the night, and there is evidence, circumstantial and presumptive, tending to connect the defendants with its disappearance.

The defendants offered no evidence.

Verdict: Guilty as to each defendant.

Judgment: Imprisonment in the State's Prison for not less than 2 nor more than 4 years as to both defendants.

Defendants appeal, assigning errors, and relying chiefly upon their motion to nonsuit.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*William H. Boyer, Sally J. Jackson, and H. Bryce Parker for defendants.*

STACY, C. J. The question for decision is whether there is a fatal variance between the indictment and the proof. *Stare decisis* would seem to require an affirmative answer.

Conceding that the automobile in question, even if originally the property of one of the defendants, was the subject of larceny while in the custody of the officer who had seized it under authority of law, still it does not follow that its ownership was properly laid in the City of Winston-Salem. The City had no property right in it, special or otherwise. Only the officer who seized the property was authorized to hold it, take and approve bond for its return "to the custody of said officer," and to hold it subject to the orders of the court. G. S., 18-6. A conviction under the present bill would not perforce protect the defendants against another prosecution with the right to the property laid in the seizing officer or in the custody of the law. *S. v. Bell,* 65 N. C., 313. The City of Winston-Salem, no doubt, owns a number of automobiles, such as would fit the description in the bill, but none of these was stolen. "The object of an indictment is to inform the prisoner with what he is charged, as well as to enable him to make his defense as to protect him from another prosecution for the same criminal act." *S. v. Carlson,* 171 N. C., 818, 89 S. E., 30.

Usually a fatal variance results, in larceny cases, where title to the property is laid in one person and the proof shows it to be in another. *S. v. Jenkins,* 78 N. C., 478. "In all cases the charge must be proved as laid." *S. v. Bell, supra.*

The question of variance may be raised by demurrer to the evidence or by motion to nonsuit. "It is based on the assertion, not that there is no *proof* of a crime having been committed, but that there is none which tends to prove that the particular offense charged in the bill has been committed. In other words, the proof does not fit the allegation, and, therefore, leaves the latter without any evidence to sustain it. It challenges the right of the State to a verdict upon its own showing, and asks that the court, without submitting the case to the jury, decide, as matter of law, that the State has failed in its proof"—*Walker, J.,* in *S. v. Gibson,* 169 N. C., 318, 85 S. E., 7. To like effect are the decisions in *S. v.*

*Weinstein,* 224 N. C., 645, 31 S. E. (2d), 920; *S. v. Jackson,* 218 N. C., 373, 11 S. E. (2d), 149; *S. v. Harris,* 195 N. C., 306, 141 S. E., 883; *S. v. Harbert,* 185 N. C., 760, 118 S. E., 6; *S. v. Nunley,* 224 N. C., 96, 29 S. E. (2d), 17; *S. v. Davis,* 150 N. C., 851, 64 S. E., 498; *S. v. Hill,* 79 N. C., 656.

The present conviction will be set aside, the demurrer to the evidence sustained, and the solicitor allowed to send another bill, if so minded.

Reversed.