STATE v. FRANK PARRIS.

(Filed 25 May, 1921.)

1. **Spirituous Liquor—Principal and Agent—Accessories—Misdemeanors.**

In the commission of a misdemeanor, both the principal and the agent through whom the offense was committed are held to the same degree of guilt, both being regarded as principals therein for the purpose of conviction.

2. **Same—Evidence—Defendant's Identity—Instructions.**

Where there is sufficient evidence to convict the defendant of the unlawful sale of spirituous liquor, and also to establish his defense of an alibi,

with further evidence of the unlawful and customary sale at his residence· by one who resembled him, an instruction by the court to the jury is not erroneous, that if the State had satisfied them beyond a reasonable doubt that the defendant had put liquor there for the purpose of selling it, and' some one else was selling it with his consent and authority, the defendant would be guilty.

**3. Spirituous Liquors—Verdict—Polling Jurors—Appeal and Error.**

*Semble,* under the facts of this case, upon a trial of defendant for· unlawfully selling intoxicating liquors, there being evidence that the· defendant made the sale himself, or through another acting for him, the verdict of the jury of guilty makes it doubtful as to which fact was found by them, that could have been ascertained by polling the jury and obviated· the necessity of the appeal.

APPEAL by defendant from *Harding, J.,* at September Special Term,. 1920, of HENDERSON.

Criminal prosecution, charging the defendant with selling spirituous, and intoxicating liquors to one William Thomas.

There were facts in evidence tending to show that the defendant lived. in the country, on the Howard Gap road, not far from Hendersonville; that the prosecuting witness, in company with others, went to the home· of the defendant on 22 December, 1919, and purchased from him two quarts of whiskey, paying the sum of $5 therefor. Other sales were· made on the same day. Thomas testified: "There were a lot of men there when I got the liquor; don't know how many; did not count them; seems to me like about five or six men. I know that is the man (defendant) I got the two quarts of whiskey from."

There was further evidence tending to show that J. Parris, father of defendant, lived with his son, and that the two "look very much alike, the old man's hair is still dark, a youthful looking man to be this defend-ant's father."

The defendant offered evidence tending to show that he was in South Carolina at the time of the alleged sale. His evidence, if believed, was. sufficient to establish an *alibi.*

The following portion of his Honor's charge is the basis of the defendant's only exception: "If the State has failed to satisfy you, beyond a reasonable doubt, that the defendant was there in person himself, that he was off somewhere else, but if the State has satisfied you beyond a reasonable doubt that this defendant put liquor there, for the purpose· of selling it, in his home, and that with his consent and his authority,. somebody was there selling liquor and selling his liquor to these wit-nesses, he would be just as guilty, under the law, as if he were there in person dealing it out himself; if the State has satisfied you beyond a. reasonable doubt that this defendant had liquor there, and had somebody there to act in his stead to sell the liquor, and if the State has satisfied

you beyond a reasonable doubt that he actually did sell to this witness he would be guilty, and it would be your duty to convict him."

From a verdict of guilty, and judgment thereon, defendant appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Smith & Arledge for defendant.*

STACY, J. The State's evidence, if believed, showed conclusively a sale by the defendant to the prosecuting witness, William Thomas. Conversely, the defendant's evidence, if believed, established conclusively an alibi on behalf of the defendant. The jury might have accepted either view of the evidence, but the appeal presents the question as to whether, upon the record, a conviction of a sale through an agent can be sustained. There was a suggestion that the sale may have been made by J. Parris, the defendant's father.

The prosecuting witness, and others, purchased liquor at the defendant's house on the same day. There were five or six men present at the time this took place at a private home in the country. Considering the entire evidence, we think it sufficient to be submitted to the jury, and to warrant a verdict of guilty.

In *S. v. Winner,* 153 N. C., 602, there was evidence tending to show a sale in defendant's place of business by means of a dumb waiter. The purchaser made known his presence and his thirst, a tin cup appeared in a hole in the wall, money was placed in it, the cup disappeared and a bottle of whiskey appeared in a few seconds. Testimony of a similar transaction was offered in corroboration. This evidence was held to be sufficient to warrant a conviction, though it did not appear that the defendant was present at the time.

A principal is *prima facie* liable for the acts of his agent, and one who aids and abets another in the commission of a misdemeanor is held to the same degree of guilt as a principal, because in misdemeanors all concerned are principals. *S. v. Kittelle,* 110 N. C., 560.

The question of a sale through an agent, in the instant case, may not have been considered by the jury at all, as there was ample evidence tending to show that the defendant was present and made the sale himself. This could have been determined by polling the jury; and, in all probability, the appeal would have been obviated had the defendant requested that such be done.

No error.