STATE v. W. E. CLARK.

(Filed 1 March, 1922.)

**1. Intoxicating Liquor—Spirituous Liquor—Manufacture—Aiding and Abetting—Criminal Law—Punishment.**

The first conviction of manufacturing or aiding and abetting in the manufacture of spirituous, etc., liquors is a misdemeanor, and the second is a felony, C. S., 3409; and where the indictment does not charge a previous conviction it will be presumed that the defendant has not heretofore been convicted of the offense charged. C. S., 4617.

**2. Intoxicating Liquor—Spirituous Liquor—Aiding and Abetting—Manufacturing.**

The defendant, guilty of aiding and abetting the unlawful manufacture of liquor, is equally guilty with those who actually operated the still.

**3. Intoxicating Liquor—Spirituous Liquor—Manufacturing—Aiding and Abetting—Evidence—Verdict.**

While a verdict in a criminal action cannot rest upon mere suspicion, or conjecture, or speculation, and legal evidence of every material fact necessary to support the indictment, is required, such evidence not held insufficient, as a matter of law, where the substance of the offense is proved, and the evidence on the whole is such as may lead reasonable minds, acting within the limitation prescribed by the rules of law to different conclusions.

**4. Nonsuit.**

Upon this trial the evidence is held sufficient to sustain a conviction.

APPEAL by defendant from *Cranmer, J.,* at October Term, 1921, of CHATHAM.

The defendant and J. W. Mays were indicted for the manufacture of intoxicating liquor, and for aiding and abetting in such manufacture. They were convicted, and after judgment pronounced the defendant Clark appealed.

There was evidence for the State tending to show the following circumstances: Mays had come from Durham and had lived in Chatham for only two or three months. He was staying with J. E. Cole, his son-in-law; and George Martin, a white man who ran from the still when the officers approached it, was staying at the home of the defendant Clark. The dwelling of J. E. Cole and that of Clark were in the same neighborhood. Clark admitted that George Martin had been boarding with him for some time. On 15 June, 1921, the officers found, between one-half and three-quarters of a mile from Clark's house, a complete still plant in operation—copper still, furnace, three stands of beer, and twenty-five or fifty steps away seven bags of corn meal, two of which had shipping tags bearing the name and address of Mays and purporting to have come

from Durham. The land on which the still was found was not shown to be that of the defendant, but on his land were several still sites. Near the sacks of meal the officers found a wagon track which led into the public road, and then in the direction of the homes of Mays and Clark. The officers were not able to distinguish this track from other wagon tracks in the public road, but about one-half mile down the public road was a driveway into J. E. Cole's yard, and about three hundred yards further there was another road "leading off through the yard of the defendant Clark." There was one wagon track here leading to a wagon near Clark's barn. In the bed of the wagon there were evidences of meal. One of the officers testified that he noticed a fresh wagon track leading from the distillery into the yard of the defendant Clark, and that he followed the track to where there was standing in it a one-horse wagon, in the bed of which meal was scattered. A newspaper was found at the distillery having on it the name and address of the defendant Clark.

There was evidence for the defendant in contradiction, but it need not be stated in detail, because the only question which the appeal presents is the sufficiency of the State's evidence.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Wade Barber and Long & Bell for the defendant.*

ADAMS, J. "It is unlawful to manufacture or to aid and abet in the manufacture of spirituous or malt liquors or intoxicating bitters." C. S., 3409. Any person committing a breach of this statute shall for the first conviction be guilty of a misdemeanor, and for the second or any subsequent conviction shall be guilty of a felony. *Ibid.* The indictment does not charge a previous conviction of the defendant, and it is therefore presumed that he has not heretofore been convicted of this offense. C. S., 4617; *S. v. Dunlap,* 159 N. C., 492. The defendant, then, is prosecuted for a misdemeanor, and even if he merely aided and abetted in the manufacture of the liquor he is equally guilty with the person who actually operated the still. The only question involved in the appeal is whether the evidence, construed in the light more favorable to the State, is sufficient to sustain the conviction. A verdict cannot rest upon mere suspicion, or conjecture, or speculation; there must be legal evidence of every material fact which is necessary to support the indictment. It is sufficient, however, if the substance of the offense is proved, and if the evidence on the whole agrees with and supports the hypothesis which it is adduced to prove. 23 C. J., 52. In *S. v. Prince,* 182 N. C., 788, on which the defendant relies, it is said: "The province of the jury should

not be invaded in any case, and when reasonable minds, acting within the limitations prescribed by the rules of law, might reach different conclusions, the evidence must be submitted to the jury. *Campbell v. Everhart,* 139 N. C., 516, 52 S. E., 201; *Lewis v. Steamship Co.,* 132 N. C., 904, 44 S. E., 666; *Wheeler v. Schroeder,* 4 R. I., 383; *Offutt v. Col. Exposition,* 175 Ill., 472, 51 N. E., 651; *Day v. Railroad,* 96 Me., 207, 52 At., 771, 90 Am. St. Rep., 335; *Catlett v. Railway,* 57 Ark., 461, 21 S. W., 1062, 38 Am. St. Rep., 254; *Railroad v. Stebbing,* 62 Md., 504." Applying these principles to the evidence, we think his Honor properly submitted to the jury the question of the defendant's guilt. Certainly, upon the State's evidence reasonable minds might reach different conclusions. There is no error, and this will be certified to the Superior Court of Chatham County.

No error.