STATE v. F. H. CRAWFORD.

(Filed 26 March, 1930.)

1. **Bills and Notes I f—Postdated check does not come within intent and meaning of bad check law.**

A postdated check given for a past due account and so accepted is not a representation importing a criminal liability if untrue that comes within the intent and meaning of the "bad check law," making it a misdemeanor for a person to issue and deliver to another any check on any bank or depository for the payment of money or its equivalent knowing at the time that he has not sufficient funds on deposit or credit with the bank or depository for its payment. Chapter 62, Public Laws of 1927.

**2. Statutes B c—Criminal statutes should be strictly construed.**

It is a rule of universal acceptance that criminal statutes should be strictly construed.

APPEAL by the State from *Daniels, J.,* at February Term, 1930, of WAKE.

Criminal prosecution tried upon an indictment charging the defendant with uttering and delivering to another a worthless check in violation of chapter 62, Public Laws 1927, generally known as the "Bad Check Law."

It is established by the special verdict that on 7 May, 1928, the defendant, at his place of business in Wake Forest, gave to a representative of the Ideal Brick Company, of Slocum, N. C., a check for $133 in settlement of a past due account, said check being drawn on the Citizens Bank of Wake Forest, and postdated 12 May, 1928. The Ideal Brick Company deposited said check in a bank at Fayetteville, and, in the usual course of business, it reached the Citizens Bank of Wake Forest on 14 May, 1928, and was presented for payment, which was refused because the drawer did not have sufficient funds on deposit in or credit with said bank to pay the check on presentation, the defendant knowing at the time of drawing and delivering said check that he did not have such funds or credit.

(Note: The verdict is silent as to whether this information was conveyed to the representative of the payee of the check. However, the fact that the check was not presented for payment until after its due date would indicate that such was the understanding.)

Thereafter the defendant was adjudged a bankrupt. The Ideal Brick Company proved its claim before the referee and was paid a dividend thereon. On 4 February, 1929, the defendant obtained his discharge in bankruptcy.

The indictment was returned at the March Term, 1929, Wake Superior Court, and was heard on appeal at the last term, 197 N. C., 513.

From a judgment pronounced on the above findings, that the defendant is not guilty and that he be discharged, the State appeals, assigning error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Gulley & Gulley for defendant.*

STACY, C. J. A postdated check, given for a past due account, is not a representation, importing criminal liability if untrue, that the drawer has funds or credit in the bank, sufficient to pay the same upon presentation.

The fact that the check is postdated would seem to imply no more than that on its date, the drawer will have or expects to have, funds or credit in the bank sufficient to insure its payment at that time. 11 R. C. L., 853. Thus the status of the parties, except for the additional promise represented thereby, would apparently be the same, or remain unchanged, for the time being at least. Under the facts of the present case, therefore, it could hardly be said that the defendant has violated the statute which makes it unlawful for any person, firm or corporation, to issue and deliver to another, any check or draft on any bank or depository, for the payment of money or its equivalent, knowing at the time that the maker or drawer thereof has not sufficient funds on deposit in or credit with such bank or depository with which to pay the same upon presentation. Chapter 62, Public Laws 1927.

It would serve no useful purpose to review the decisions elsewhere (collected in 35 A. L. R., 384), for our statute is specifically directed against the issuance of checks or drafts on any bank or depository when the maker or drawer thereof has not sufficient funds on deposit in or credit with such bank or depository with which to pay the same *upon presentation*. *S. v. Yarboro*, 194 N. C., 498, 140 S. E., 216. Indeed, a check is defined by C. S., 3167 as "a bill of exchange drawn on a bank payable on demand." See, also, definition in *Trust Co. v. Bank*, 166 N. C., 112, 81 S. E., 1074. And it is a rule of universal acceptance that criminal statutes should be strictly construed. *S. v. Falkner*, 182 N. C., 793, 108 S. E., 756.

No error.