The evidence was to the effect that on 28 October, 1932, the defendant signed and delivered to an agent of W. I. Anderson Company a check in the sum of $42.86 drawn on the Bank of Chapel Hill. This check represented a payment on a past due account. The check was deposited in Greensboro on 29 October, 1932, and was returned by the Bank of Chapel Hill unpaid. $10.36 had been paid on the check before the issuing of warrant on 7 March, 1933. The defendant testified that he gave the check "to be applied on an account for groceries which had been previously purchased and delivered, and asked him to hold the check until the following Monday and then to deposit it in Greensboro, and that I would deposit enough money in the Bank of Chapel Hill to take *Page 785 
care of it before it reached Chapel Hill; that on Tuesday, 1 November, 1932, I did deposit enough money in the Bank of Chapel Hill to take care of this check, but the check had already been returned." The record shows the following: "At this point Judge Moore stopped the testimony and told the attorney for the defendant in the presence of the jury that on defendant's testimony, he would instruct the jury if you believe the evidence beyond a reasonable doubt you will return a verdict that the defendant was guilty." Thereupon the trial judge instructed the jury that if they believed all of the evidence beyond a reasonable doubt they should return a verdict of guilty. A verdict of guilty was returned and from judgment thereon the defendant appealed.
There is no essential difference between a post-dated check and one given with the understanding or agreement that the same shall be held and presented by the owner at a future date. It was the function of the jury to determine whether such agreement was made. If it was made at the time of giving the check, the defendant would not be guilty upon the facts disclosed by the record. See S. v. Crawford, 198 N.C. 522,152 S.E. 504; S. v. Franklin, 204 N.C. 157; S. v. Byrd, 204 N.C. 162.
New trial.