STATE v. JIMMIE SPRUILL AND ROY ALEXANDER.

(Filed 21 September, 1938.)

1. **Automobiles § 33—Mere ownership of vehicle, without more, is insufficient to establish criminal responsibility of owner for driver's acts.**

 The evidence tended to show that the owner of a truck was riding therein in an intoxicated condition, and that the driver of the truck, with the owner's permission, was driving the truck for his own purposes. There was no evidence that the owner exercised any authority, direction or control over the operation of the truck, or that the driver was intoxicated or otherwise incompetent, or if he were, that the owner had knowledge thereof. *Held:* The evidence is insufficient to establish criminal responsibility on the part of the owner for alleged criminal negligence in the operation of the truck on the part of the driver resulting in the death of a third person.

2. **Same: Criminal Law § 8b—**

 The owner of a motor vehicle riding therein may not be held criminally responsible as an aider and abettor on a charge of manslaughter resulting from the operation of the vehicle by the driver when the driver is acquitted of all blame in the matter.

APPEAL by defendant Spruill from *Thompson, J.,* at April Term, 1938, of TYRRELL. Reversed.

The defendants Spruill and Alexander were charged with the involuntary manslaughter of one Luther McClees. The jury acquitted the defendant Alexander and found the defendant Spruill guilty, and from judgment imposing sentence defendant Spruill appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*

*W. L. Whitley for defendant, appellant.*

DEVIN, J. The appellant assigns as error the denial of his motion for judgment as of nonsuit, entered at the close of the State's evidence and renewed at the close of all the evidence.

The facts as disclosed by the record may be briefly summarized as follows:

The deceased Luther McClees, riding with others in a cart on the road near the town of Columbia, North Carolina, was struck by a motor truck and received injuries from which he shortly thereafter died. There was circumstantial evidence tending to show that the truck involved in the collision belonged to defendant Spruill, that it was at the time being driven by defendant Alexander, and that Spruill was in the truck and under the influence of intoxicating liquor.

There was also evidence from which the inference was permissible that the injury and death of deceased resulted from negligence in the operation of the motor truck. All the evidence tended to show that at the time of the accident the truck was being driven by the defendant Alexander, and that defendant Spruill at no time had his hand on the steering wheel or exercised any control over the operation of the truck. It also appeared that Alexender had driven the truck from the home of defendant Spruill to Columbia and beyond, along the road where the deceased was struck, by the permission of defendant Spruill, in order that the defendant Alexander might attend to certain business of his own, and that defendant Spruill was in the truck and too much under the influence of liquor to drive. There was no evidence that the defendant Alexander, prior to or at the time of the collision, had been drinking, though it was testified that subsequent to the collision he became intoxicated.

Both defendants were tried in the recorder's court of Tyrrell County on the charge of operating a motor vehicle on the highway while under the influence of intoxicating liquor, and both were acquitted. On the trial in the Superior Court on the charge of manslaughter the jury re-

turned a verdict of not guilty as to the defendant Alexander, and guilty as to the defendant Spruill, the appellant.

Does the ownership of a motor truck, or the mere presence of the owner in a truck which is being driven by another for the other's purposes, without more, impose criminal liability upon the owner for the culpable negligence of the driver or for the driver's violation of the motor vehicle law resulting in the injury or death of a third person? Upon reason and authority the answer must be in the negative. Those facts alone are insufficient to constitute guilt.

There was here no evidence that defendant Spruill had or exercised any authority, direction or control over the operation of the motor truck, or that the driver was intoxicated or otherwise incompetent to drive carefully, or, if such had been the fact, that defendant Spruill had knowledge thereof.

This case falls within the principle stated in *S. v. Creech,* 210 N. C., 700, 188 S. E., 316, where it was held: "There was no evidence that the appellant ever saw the driver, his codefendant, take a drink or knew that the driver was under the influence of liquor, or that the appellant was in any way directing the driving of the car. Mere ownership of the car is not sufficient to fix the owner with liability for the negligent acts of the driver. *Linville v. Nissen,* 162 N. C., 95; *White v. McCabe,* 208 N. C., 301."

This case is distinguishable from *S. v. Trott,* 190 N. C., 674, where a positive direction was given by the person in charge of the car to the driver.

The only theory upon which defendant Spruill could have been held guilty was that being present he aided and abetted, counseled or procured the driver Alexander to commit the offense charged, or that he authorized or directed the manner in which the motor truck was being driven by Alexander, so as to become responsible in law for its wrongful and unlawful operation. But, since defendant Alexander, the driver, has been acquitted of all blame in the matter, there would seem to be left no valid ground upon which to predicate the guilt of Spruill.

There was some suggestion that after Alexander left the truck another person got in and drove Spruill home, but there is no evidence that this took place until some time subsequent to the injury to the deceased.

We conclude that the denial of defendant's motion for judgment as of nonsuit must be held for error, and the judgment reversed.

This disposition of the case renders unnecessary the consideration of other questions presented by the appeal and discussed in the argument and by briefs.

Reversed.