## STATE v. MACEY GRAHAM.

(Filed 24 May, 1944.)

**Criminal Law § 8—**

> One who aids and abets another in the commission of a misdemeanor is, under the common law, a principal and may be convicted as such.

APPEAL by defendant from *Burney, J.,* at January Term, 1944, of BLADEN. No error.

Criminal prosecution on warrant charging (1) unlawful manufacture of intoxicating liquor; and (2) unlawful possession of materials for the purpose of manufacturing intoxicating liquor.

This and a companion case (No. 651) against Chesley Graham came on for hearing in the court below on appeal from the county court. The two causes were consolidated for trial.

On 31 July, 1943, the officers of Bladen County found an illicit still in operation at DeVane's landing in said county. There was evidence tending to show that this defendant was seen carrying three or four barrels in the direction the still was found; that he was present helping in the work at the time the still was installed; and that he employed and paid one of the parties found at the still by the officers.

As to this defendant, there was a general verdict of guilty as charged. From judgment on the verdict he appealed.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*
*Wm. F. Jones for defendant, appellant.*

BARNHILL, J.  On *certiorari* issued from this Court the clerk of the Superior Court of Bladen County has certified that the original record, due to inadvertent omissions, is defective.  He has also certified a corrected record including a copy of the warrant on which this defendant was tried.  This effectively disposes of some of the assignments of error.

There are no exceptions to the admission or rejection of evidence, and there was no motion to dismiss as in case of nonsuit under G. S., 15-173.

The defendant contends that there was error in the charge in that the court (1) submitted to the jury for consideration against this defendant evidence which was incompetent as against him and which had in fact been excluded; (2) submitted a charge of "aiding and abetting" when no such charge is contained in the warrant; and (3) so stated the contentions as to present a powerful "summing up" on behalf of the State, amounting to an expression of opinion.

The court instructed the jury that it might return a verdict of guilty or not guilty of (1) manufacturing illegal whiskey; (2) aiding and abetting in the manufacturing of illegal whiskey; or (3) possessing materials for the purpose of manufacturing intoxicating liquor.  And later:

"So I instruct you, Gentlemen, that if the State has satisfied you from the evidence and beyond a reasonable doubt that Macey Graham, on July 31, 1943, did manufacture illegal whiskey (or that he did aid and abet others in the manufacture of illegal whiskey) as that term has been defined to you by the Court, then it will be your duty to render a verdict of guilty of manufacturing illegal whiskey."

Defendant excepts for that the warrant does not charge aiding and abetting.  The exception cannot be sustained. ·

One who aids and abets another in the commission of a misdemeanor is under the common law a principal and may be convicted as such. Furthermore, even if the statute, sec. 26, ch. 1, Public Laws 1923; G. S., 18-28, creates the separate and independent offense of "aiding and abetting" there was no verdict thereon, and the defendant has suffered no harm.  We may add, however, that we do not accept defendant's view as to the force and effect of the instruction.

The court summarized the evidence fairly and impartially.  Its statement of the contentions was brief and to the point.  Those of the defend-

ant were as fully and fairly reviewed as were those of the State. In this respect the charge presents no just cause for complaint by the defendant.

The other exceptions likewise fail to disclose any substantial merit. Discussion thereof would serve no useful purpose. The verdict and judgment must be sustained.

No error.