STATE v. HAL GIBBS.

(Filed 24 September, 1947.)

**1. Automobiles § 30d—**

The unlawful operation of a motor vehicle upon a public highway while under the influence of intoxicating liquor is a misdemeanor.

**2. Criminal Law § 8—**

All who participate in the commission of a misdemeanor, as aiders and abettors or otherwise, are guilty as principals.

**3. Automobiles §§ 30d, 33—**

Evidence tending to show that the owner of a truck rode therein for a distance of 30 or 40 miles on the highway while both he and the driver were under the influence of intoxicating liquor, without evidence that the owner was too drunk to be conscious of what was going on, or that he had relinquished his right of control, *is held* sufficient to show, as against demurrer, that defendant aided and abetted the driver in the commission of the offense of unlawfully operating a motor vehicle upon a public highway while under the influence of intoxicating liquor, and to sustain the owner's conviction as a principal.

**4. Criminal Law § 81c (2)—**

Where the charge is free from error when considered contextually, exceptions thereto cannot be sustained.

APPEAL by defendant from *Sink, J.,* at August Term, 1947, of YANCEY. No error.

Criminal prosecution under bill of indictment charging the unlawful operation of a motor vehicle upon a public highway while under the influence of intoxicating liquor.

On 12 July, 1947, one Blake Styles was apprehended by patrolmen while operating a truck on a public highway. He was at the time "highly intoxicated." Defendant, the owner of the truck, was present, riding with Styles at the time. He also was in a "drunk condition." The truck had been driven from some point in Burke County, and the Burke County line was 30 or 40 miles from the point where defendant and Styles were stopped by officers. A one-half gallon container not quite full of white liquor was found in the truck.

There was a verdict of guilty. The court pronounced judgment and defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*J. Frank Huskins for defendant, appellant.*

BARNHILL, J.  Under our statute the unlawful operation of a motor vehicle upon a public highway while under the influence of intoxicating liquor is a misdemeanor and all who participate in the commission of a misdemeanor, as aiders and abettors or otherwise, are guilty as principals. *S. v. Cheek,* 35 N. C., 114; *S. v. Lumber Co.,* 153 N. C., 610, 69 S. E., 58; *S. v. Parris,* 181 N. C., 585, 107 S. E., 306; *S. v. Grier,* 184 N. C., 723, 114 S. E., 622; *S. v. Graham,* 224 N. C., 351, 30 S. E. (2d), 154.

So then the primary question posed by this appeal is this: Is there any testimony in the record, sufficient to repel a demurrer to the evidence, tending to show that defendant aided and abetted Blake Styles in the commission of the offense charged?

Defendant owned the truck and was present, riding thereon as a passenger, while it was being operated by Styles, who was then in an intoxicated condition. He, as owner, nothing else appearing, had the right of control and could, at will, permit or forbid the use of the truck by another. He and his companion had traveled more than 30 or 40 miles and at the time had liquor on the truck. Sufficient time had elapsed for him to discover Styles' condition and forbid his operation of the vehicle.

While there is testimony tending to show the defendant was intoxicated there is no evidence to the effect he was too drunk to be conscious of what was going on, *S. v. Creech,* 210 N. C., 700, 188 S. E., 316; or that the driver was on a mission of his own, *S. v. Spruill,* 214 N. C., 123, 198 S. E., 611; or that defendant had surrendered or relinquished his right of control. *S. v. Spruill, supra.*

Hence the testimony concerning the facts and circumstances surrounding the parties at the time gives rise to permissible inferences of fact sufficient to require its submission to the jury and to sustain the verdict. *S. v. Trott,* 190 N. C., 674, 130 S. E., 627; *S. v. Adams,* 213 N. C., 243, 195 S. E., 822. Under the circumstances defendant's silence was consent. At least it warrants that inference.

"Where the owner of a vehicle permits an intoxicated person to drive it, while he is therein, he is liable as an accessory." 9-10 Huddy Auto Law 51. See also *ibid,* sec. 4, p. 29.

When an owner places his motor vehicle in the hands of an intoxicated driver, sits by his side, and permits him, without protest, to operate the vehicle on a public highway, while in a state of intoxication, he is as guilty as the man at the wheel. *Story v. U. S.,* 16 F. 2d., 342, cert. denied, 274 U. S., 739, 71 L. Ed., 1318; 5 Blash. Cyc. Auto L. & P., 67; 9-10 Huddy Auto Law, 30, 51; 5 A. J., 912.

If, under such conditions he is criminally liable for a resulting homicide, Anno. 99 A. L. R., 771, *S. v. Trott, supra, a fortiori,* he is guilty of the unlawful operation of the motor vehicle.

The *Creech* and *Spruill cases, supra,* cited and relied on by defendant, are distinguishable. In the *Creech case* all the testimony tended to show that Creech, the owner, was too drunk to be conscious of the driver's condition or of the fact he was operating the vehicle. In the *Spruill case* it appeared that the driver was on a mission of his own and had been acquitted. *S. v. Trott, supra,* is in point.

The charge of the court, considered contextually, is free from error. So considered, it appears the court clearly instructed the jury that defendant's guilt depended upon whether he, being the owner of the truck, consciously permitted Styles to operate the vehicle on a highway, knowing at the time he, the driver, was under the influence of intoxicating liquor as theretofore properly defined. Exceptions thereto cannot be sustained.

In the trial below we find

No error.