State v. Lilly

Affirmed.

Judges MARTIN and PARKER concur.

STATE OF NORTH CAROLINA v. MARSHA W. LILLY

No. 8410SC822

(Filed 4 June 1985)

1. **Public Officers § 11— private use of public vehicle—statement of charges suffi-
cient**

    A misdemeanor statement of charges alleging unlawful use of a publicly
    owned vehicle was sufficient where it alleged that defendant was a State
    employee, that she directed her subordinate to pick up a birthday cake and
    deliver it to her home, and that she did so with knowledge that her private
    purpose would be accomplished through the use of a State owned motor vehi-
    cle. The charge was not defective in that it alleged that defendant directed her
    subordinate to use the vehicle for her private purpose rather than using the
    vehicle herself because one who commands another is guilty as an abettor, and
    all people who participate in the commission of a misdemeanor are principals.
    G.S. 14-247, G.S. 15A-924(a)(5).

2. **Public Officers § 11— private use of public vehicle—allowing use—instructions
erroneous**

    The trial court erred in its jury instructions in a prosecution for using a
    public vehicle for private purposes by instructing the jury that the State must
    prove that defendant's use or allowance of use of the motor vehicle was for
    any private purpose. G.S. 14-247 proscribes the use of a State vehicle for a
    private purpose and one who directs commission of that offense is guilty under
    the common law; however, neither the common law nor the statute extend to
    punishing a person for allowing its violation.

APPEAL by defendant from *Ellis, Judge*. Judgment entered
16 March 1984 in Superior Court, WAKE County. Heard in the
Court of Appeals 1 April 1985.

Defendant was charged, in a misdemeanor statement of
charges, with unlawful private use of a publicly owned vehicle in
violation of G.S. 14-247. She was convicted in Wake County Dis-
trict Court and appealed her conviction to Superior Court. Upon
trial *de novo* in Superior Court, the jury returned a verdict of
"[g]uilty of the private use or allowance of the private use of a
motor vehicle belonging to the State of North Carolina on March

25, 1983." Defendant appealed from that verdict and the judgment entered thereon.

*Attorney General Rufus L. Edmisten, by Associate Attorney Victor H. E. Morgan, Jr., for the State.*

*Manning, Fulton & Skinner, by Howard E. Manning, Jr. and Charles E. Nichols, Jr., for defendant appellant.*

MARTIN, Judge.

Defendant on appeal alleges error in the denial of her motion to dismiss, the jury instructions, verdict and judgment. Because the instructions to the jury contain error prejudicial to the defendant, she must be accorded a new trial.

[1] Initially, defendant contends that the trial court erred in denying her motion to dismiss the misdemeanor statement of charges for its failure to charge a criminal offense. We disagree. G.S. 14-247, entitled "Private Use of a Publicly Owned Vehicle," provides in pertinent part:

> It shall be unlawful for any officer, agent or employee of the State of North Carolina, or of any county or of any institution or agency of the State, to use for any private purpose whatsoever any motor vehicle of any type or description whatsoever belonging to the State, or to any county, or to any institution or agency of the State.

A violation of the statute is a misdemeanor. The essential elements of the offense created by the statute are (1) the use of a publicly owned vehicle (2) by a public official or employee (3) for a private purpose. *Hawkins v. Reynolds*, 236 N.C. 422, 72 S.E. 2d 874 (1952).

The misdemeanor statement of charges alleged that defendant

> did unlawfully and willfully allow the use of a motor vehicle belonging to the State of North Carolina to be used for the defendant's private purpose while she was an officer, agent and employee of the State of North Carolina in her capicity [sic] as Food Service Director of the State of North Carolina; to wit: directing a subordinate employee Willie G. Reid to perform a personal errand for the benefit of the defendant

when she knew and had reason to know that a State vehicle would be used. The private purpose alleged being directing Willie G. Reid to go to Alamance County unit to pick up a birthday cake for her son and bring the cake to her home at 2101 Rangecrest Road, Raleigh, North Carolina. In violation of N.C.G.S. 14-247.

G.S. 15A-924(a)(5) requires that "[a] criminal pleading must contain: . . . [a] plain and concise factual statement . . . which . . . asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant . . . of the conduct which is the subject of the accusation." While the misdemeanor statement of charges does not represent a paradigm for legal draftsmanship, it meets the minimum requirements established by the foregoing statute. When all of the surplusage is excluded from consideration, the pleading asserts that defendant is a State employee, that she directed her subordinate to pick up a birthday cake and deliver it to her home, and that she did so with knowledge that her private purpose would be accomplished through the use of a State owned motor vehicle.

Defendant argues, however, that because the statement of charges alleges that she directed her subordinate to use the vehicle for her private purpose, rather than that she herself used the vehicle, the charge was defective. Her contention is incorrect. One who commands or procures another to commit an offense is an abettor. *State v. Hargett*, 255 N.C. 412, 121 S.E. 2d 589 (1961); *State v. Johnson*, 220 N.C. 773, 18 S.E. 2d 358 (1942). All persons who participate in the commission of a misdemeanor, as aiders, abettors or otherwise, are principals under the common law and may be charged and convicted as such, *State v. Avery*, 236 N.C. 276, 72 S.E. 2d 670 (1952); *State v. Graham*, 224 N.C. 351, 30 S.E. 2d 154 (1944), whether present or absent at the time of the commission of the offense. *State v. Bennett*, 237 N.C. 749, 76 S.E. 2d 42 (1953).

[2] Having concluded that the misdemeanor statement of charges is sufficient to support a conviction for violation of G.S. 14-247, we direct our attention to defendant's assignments of error relating to the jury instructions, verdict and judgment. Her assignments are well taken and must be sustained.

The trial court instructed the jury that, for conviction, the State was required to prove, among other things:

> [s]econdly . . . that the defendant, Marsha Lilly, while an . . . employee of the State of North Carolina . . . *used or allowed to be used* a motor vehicle belonging to the State. Used or allowed to be used means knowingly or having reason to know that it was being used for a private purpose; third, the State must prove that the defendant's *use or allowance of use* of the motor vehicle was for any private purpose whatsoever. [Emphasis supplied.]

In the final mandate, the court instructed:

> I further instruct you that if you find from the evidence that the State has proved beyond a reasonable doubt that on or about March 25th, 1983 the defendant, Marsha Lilly, was an employee of the State of North Carolina; that the defendant *used or allowed to be used* a motor vehicle belonging to the State of North Carolina, or any institution or agency of the State; and that the defendant *used or allowed to be used* a motor vehicle for any private purpose whatsoever; then it would be your duty to return a verdict of guilty on this charge. [Emphasis supplied.]

G.S. 14-247 proscribes the use of a State owned vehicle for a private purpose, and we have determined that, under the common law, one who *directs* the commission of that offense is guilty as well. Neither the common law nor the prohibition of the statute, however, extend to punish a person for *allowing* its violation.

> It is well established that in order for a defendant to be punished for criminal conduct, his actions must fall plainly within the prohibition of the statute which defines the crime. . . . Statutes which define criminal conduct may not be extended by mere intendment.

*State v. Cole*, 294 N.C. 304, 310, 240 S.E. 2d 355, 359 (1978). In addition, the instruction suggests that defendant would be guilty if she knew that a State vehicle was being used, or about to be used, for a private purpose and did nothing to prevent the illegal use. Merely having knowledge of the commission of a criminal offense, and doing nothing to prevent its commission, does not render one guilty. *State v. Hargett, supra.* We hold that it was er-

ror to instruct the jury that defendant would be guilty if she allowed the use of a State owned vehicle for a private purpose. That such error was prejudicial to defendant is apparent from the fact that the jury returned a verdict of "[g]uilty of the private use or allowance of the private use of a motor vehicle belonging to the State of North Carolina on March 25, 1983." Such a verdict is clearly erroneous because it includes a finding of guilt for an offense which is nonexistent, i.e., "allowance of the private use" of a State owned motor vehicle. The verdict, therefore, will not support the judgment entered in this case, and such judgment must be vacated and the case remanded for a new trial.

Because of our holding, we deem it unnecessary to address the remaining assignments of error.

New trial.

Chief Judge HEDRICK and Judge WELLS concur.